UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERIC DENNIS<br><br>**Plaintiff,**<br><br>versus<br><br><br>ZEE 1 HOLDINGS, LLC; AIRBNB, INC.<br><br>**Defendants** | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Defendant, Airbnb, Inc. ("Airbnb"), files this Notice of Removal for removal of the above-titled action, *Eric Dennis v, Zee 1 Holdings, LLC and Airbnb, Inc.*, Cause No. 134364-CV, from the 412th District Court for the County of Brazoria, State of Texas, to the United States District Court for the Southern District of Texas, and reserves any and all rights, objections, defenses, exceptions, and all dispositive motions, including motions to dismiss for lack of personal jurisdiction and any and all other motions filed pursuant to Rule 12(b).

1.

**A.     Procedural Background**

Plaintiff Eric Dennis commenced this suit by filing a civil action entitled "*Eric Dennis v, Zee 1 Holdings, LLC and Airbnb, Inc.*" on May 5, 2025 in the 412th District Court for the County

of Brazoria, State of Texas, bearing Docket No. 134364-CV ("State Court Action"). *See* Entire State Record, including Plaintiff's Original Petition, attached hereto as **Exhibit A.**

2.

Airbnb has not been served with the State Court Action. According to the database available at pubweb.brazoriacountytx.gov and BloombergLaw, as of May 9, 2025, Co-Defendant *Zee 1 Holdings, LLC* has not yet been served with the State Court Action. *See* **Exhibit B and C.** Because *Zee 1 Holdings, LLC* has not yet been served, its consent to this removal is not required. *Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014).

3.

Because Airbnb has not been served with the State Court Action, the 30-day removal period has not commenced. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 304 (5th Cir. 2014). Airbnb received notice of the State Court Action on May 9, 2025. Therefore, Airbnb has filed this Notice of Removal in accordance with the 30-day removal period.

4.

Pursuant to 28 U.S.C. §§ 124(c)(2), 98(a), and 1441(a), this Notice of Removal is properly filed in the Southern District of Texas, Galveston Division, because the jurisdiction of this Court embraces the County of Brazoria, the county in which the State Court Action was instituted.

5.

Pursuant to 28 U.S.C. § 1446(a), a copy of the entire State Court Record is attached hereto as **Exhibit "A."**

6.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice of Removal will be served promptly on all parties and will be filed with the 412th District Court for

the County of Brazoria, State of Texas.

7.

This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As demonstrated in the following paragraphs, there is complete diversity of citizenship between Plaintiff and Airbnb, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.

Diversity of citizenship is found where there is complete diversity, *i.e.*, the citizenship of every plaintiff is diverse from the citizenship of every defendant that has been properly joined and served. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); 28 U.S.C. § 1332.

9.

According to the allegations in Plaintiff's Petition, Plaintiff Eric Dennis was a citizen of the State of North Carolina at the time of filing, and, upon information and belief, remains so at the time of removal.[1]

10.

Airbnb—as recognized on page 1 of Plaintiff's Original Petition as a "Delaware corporation"[2]—is a citizen of the States of Delaware and California because it is incorporated in Delaware and its principal place of business is in California.

11.

---

[1] *See* Plaintiff's Original Petition ¶2.
[2] *Id* ¶4.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiff and Airbnb are citizens of different States.

12.

Removal of this action is not barred by 28 U.S.C. § 1441(b)(2), also known as the "forum-defendant rule," because Co-Defendant Zee 1 Holdings, LLC—the only citizen of the forum state—has yet to be served with the State Court Action.[3] *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020).

13.

A case is removable on the basis of diversity if the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Generally, the amount in controversy for establishing federal jurisdiction is determined by the plaintiff's complaint. *See* 28 U.S.C. § 1446(c)(2); *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Morg. Inv. Tr. 20054 Morg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022).

Here, Plaintiff's Original Petition notes that Plaintiff seeks monetary relief over $250,000.[4] Considering Plaintiff's Original Petition, his assertion that he seeks to recover damages past and future medical care, pain and suffering, mental anguish, past and future physical impairment, and other damages, it is now apparent that Plaintiff's damages, if proven true, will exceed $75,000.00, exclusive of interest and costs.

WHEREFORE, Airbnb, Inc., having met all the requirements for removal under 28 U.S.C. §§ 1441, *et seq.*, including all the jurisdictional requirements of 28 U.S.C. § 1332, prays that this

---

[3]   *See* **Exhibit "B."**
[4]   *See* Plaintiff's Original Petition ¶5.

Notice of Removal be deemed good and sufficient and that this matter be removed from the 412th District Court for the County of Brazoria, State of Texas, to this Honorable Court.

          Respectfully submitted,

          **FOX ROTHSCHILD LLP**

By: _/s/ Daniel J. Madden_

          Daniel J. Madden
          State Bar No. 24002513
          dmadden@foxrothschild.com
          Saumya Kuriakose
          State Bar No. 24114965
          skuriakose@foxrothschild.com

Saint Ann Court
2501 N Harwood, Suite 1800
Dallas, Texas 75201
972/991-0889
972/404-0516 – Fax

*Attorneys for Airbnb, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been electronically filed in the Court's CM/ECF system and has been served by email on all counsel of record this 9th day of May, 2025.

_/s/ Daniel J. Madden_
Daniel J. Madden

# EXHIBIT A

Case 3:25-cv-00142   Document 1   Filed on 05/09/25 in TXSD   Page 7 of 18

Filed for Record
5/9/2025 3:56 PM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
134364-CV
Angela Traweek, Deputy

134364-CV

CAUSE NO. _____

| | | |
|---|---|---|
| **ERIC DENNIS;** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **BRAZORIA COUNTY, TEXAS** |
| | § | |
| **ZEE 1 HOLDINGS, LLC;** | § | |
| **AIRBNB, INC.;** | § | |
| *Defendants*. | § | _____ **JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eric Dennis, Plaintiff, complaining of and about Zee 1 Holdings, LLC and Airbnb, Inc., Defendants, and would respectfully show the Court as follows:

### I.      DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure Rule 190.4.

### II.      PARTIES

2. Plaintiff, Eric Dennis, is an individual who resides in Raeford, North Carolina.

3. Defendant, Zee 1 Holdings, LLC, is a domestic limited liability company doing business in Texas with its principal place of business in Alvarado, Texas. Service of process may be obtained by serving its registered agent, Spencer A. Bryson, 5950 Berkshire Ln., Dallas, Texas 75225.

4. Defendant, Airbnb, Inc., is an Delaware corporation doing business in Texas with its principal place of business in San Francisco, California. Defendant likely has failed to maintain a registered agent in violation of Texas Business Organizations Code §5.201(a). Pursuant to Texas Business Organizations Code § 5.251, the Texas Secretary of State is an appropriate agent of the Defendant for the purpose of service of process, notice, or demand. Service of process may be

obtained by serving the Texas Secretary of State, Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701. Plaintiff requests that the Secretary of State forward the Citation and Petition to Airbnb, Inc., c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

### III.   JURISDICTION AND VENUE

5. The amount in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $250,000.00 but less than $1,000,000 in accordance with Texas Rule of Civil Procedure 47(c)(3).

6. Venue is proper in Brazoria County, Texas because all or a substantial part of the acts and omissions giving rise to this cause of action occurred in Brazoria County, Texas.

### IV.   FACTS

7. On November 8, 2024, Plaintiff was staying at 329 Thunder Rd., Surfside, Texas 77541. He had rented the location through AirBNB. Unbeknownst to him, the drainage spout designed to prevent water from accumulating on the roof was broken and allowed water to accumulate on the staircase leading to the second-floor door. As Plaintiff was climbing the steps, he suddenly slipped due to the wet staircase and crashed to the ground, severely injured.

8. This caused Eric Dennis to suffer excruciating pain and serious injuries. Defendants' wrongful, carelessness, and unskillful conduct resulted in the injury of Plaintiff Eric Dennis.

9. At all times material to this claim, Defendant Zee 1 Holdings, LLC owned and controlled the subject property.

10. Upon information and belief, Defendant Zee 1 Holdings, LLC had placed a listing using Defendant AirBNB, Inc.'s services for guests to stay at this property.

11. At all times material to this claim, Defendant AirBNB owed a duty to ensure that users of

their services were being provided with a safe premises.

## V.   CAUSES OF ACTION

**A.   Premise Liability**

12.   Plaintiff incorporates the above paragraphs as set forth in full. Plaintiff was a business invitee on the subject premises. They were on the Premises for the benefit of Defendants and with their invitation. Upon information and belief, Defendant Zee 1 Holdings, LLC was the owner, possessor, and exercised control of the subject premises, and was in charge and responsible for controlling, managing, inspecting, and maintaining a safe environment for invitees such as Plaintiff. Upon information and belief, Defendant AirBNB, Inc. controlled and managed the property at the time of the incident. Defendant AirBNB had a duty to provide a safe premises for Plaintiff to occupy. The condition of the liquid substance on the stairs constituted a dangerous condition which posed an unreasonable risk of harm to business invitees such as Plaintiff. Specifically:

   (a)   Chose to violate the duty to properly maintain the missing down spout of the gutter in question while Plaintiff was upon the property.

   (b)   Chose to violate the duty to properly inspect the missing down spout of the gutter.

   (c)   Allowing an unreasonably dangerous condition to exist on the property.

   (d)   Chose to violate the duty to correct the missing down spout of the gutter.

   (e)   Chose to violate the duty to correct the unreasonably dangerous missing down spout of the gutter before placing the injury causing condition back into service.

   (f)   Chose to violate measures to reasonably protect invitees, including Plaintiff, from water buildup on the stairs.

   (g)   Failed to notify Plaintiff of the buildup of water on the stairs following rain.

   (h)   Chose to violate the duty to procure medical assistance as soon as reasonably possible upon discovering Plaintiff in an injured state.

13.   The water buildup on the stairs resulting from the missing down spout of the gutter caused

the stairs to be much more slippery and increased the likelihood that somebody would slip and fall while on Defendants' premise.

14. Defendants had either actual knowledge of the missing down spout of the gutter, or constructively should have known of the danger. Defendants breached their duty of ordinary care to Plaintiff by failing to adequately warn Plaintiff of the missing down spout of the gutter and failing to make the condition reasonably safe. Defendants' breach of their duty was the proximate cause of Plaintiff's injury and damages.

B.  **Agency of Defendant AirBNB, Inc.**

15. In the alternative, Plaintiff pleads that the Defendants were engaged in a partnership, agency, and ostensible agency. The Defendants have manifested an intent to act on the other's behalf and subject to the principal's control, together with a manifestation of consent by the purported principal authorizing his agent to act. Defendants' actions exercised an extent of control over the details of the tortious conduct that establishes agency among the Defendants. The Defendants' conduct would cause a reasonably prudent person to believe that the putative Defendant was an employee or agent of the principal and Plaintiff justifiably relied on the appearance of agency.

## VI.   DAMAGES

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' tortious actions as described herein, Plaintiff was caused to suffer multiple injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and customary for such services.

(b) Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future.

(c)  Physical pain and suffering in the past and in the future.

(d)  Mental anguish in the past and in the future.

(e)  Physical impairment in the past and physical impairment which, in all reasonable probability, will be suffered in the future.

(f)  Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future.

(g)  Costs of court.

(h)  Pre-judgment and post-judgment on all damages as allowed by law.

17. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

18. In the alternative, Plaintiff would show that if any injury and/or condition from which they previously suffered, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

19. In the alternative, Plaintiff would show that any injury and/or condition which Plaintiff subsequently suffers from was caused by or exacerbated by the negligence of the Defendants herein.

## VII.  JURY DEMAND

20. Plaintiff hereby requests a jury trial and requests that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment on this date of the required jury fee.

## VIII.  PRESERVE ALL EVIDENCE

21. Plaintiff hereby demands Defendants preserve and maintain all evidence pertaining to any claims or defense related to the incident that made the basis of this lawsuit and the damages resulting therefrom, including but not limited to, photographs; videotapes; audiotapes; recordings; business records; medical records; paperwork; bills; estimates; invoices; checks; correspondence; memoranda files; facsimiles; emails; metadata; backup tapes; voice mails; text messages; cellular

telephone records; 'AirDrops' or similar services; investigations; calendar entries; and any electronic image, data or information related to Plaintiff, the incident, or any damages resulting therefrom. Plaintiff demands that the parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such party) **ensure that 'automatic deletion' settings are turned off for all physical and electronic sources**. Failure to maintain such items will constitute the spoliation of evidence.

### IX. PRAYER

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages set forth herein, pre- and post-judgment interest at the highest permissible rate, costs of court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**ATTORNEY BRIAN WHITE & ASSOCIATES P.C.**

*/s/ C. Michael Davis*
C. Michael Davis
Texas Bar No.: 05469000
michael@attorneybrianwhite.com
3120 Southwest Freeway, Ste. 300
Houston, Texas 77098
E-Service:
litigation@attorneybrianwhite.com
(713) 500-5000 Telephone
(713) 500-5555 Facsimile

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brian White on behalf of C. Michael Davis
Bar No. 5469000
litigation@attorneybrianwhite.com
Envelope ID: 100455347
Filing Code Description: Original Petition (1-10 Plaintiffs) (OCA)
Filing Description: Plaintiff's Original Petition
Status as of 5/6/2025 12:10 PM CST

Associated Case Party: Eric Dennis

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| C. Michael Davis | | michael@attorneybrianwhite.com | 5/5/2025 3:58:48 PM | SENT |
| Felipe Navarro | | felipen@attorneybrianwhite.com | 5/5/2025 3:58:48 PM | SENT |
| Brian E.White | | litigation@attorneybrianwhite.com | 5/5/2025 3:58:48 PM | SENT |

# EXHIBIT B

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 134364-CV

| | | |
|---|---|---|
| **Eric Dennis vs. Zee 1 Holdings, LLC and AirBNB, Inc.** | § § § § § | Case Type: **Injury or Damage - Other**<br>Date Filed: **05/05/2025**<br>Location: **412th District Court** |

---

#### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | AirBNB, Inc. | | |
| **Defendant** | Zee 1 Holdings, LLC | | |
| **Plaintiff** | Dennis, Eric | | **C. Michael Davis**<br>*Retained*<br>713-500-5000(W) |

---

#### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/05/2025 | **Original Petition (1-10 Plaintiffs) (OCA)**<br>    *Plaintiff's Original Petition* |
| 05/05/2025 | **Jury Fee Paid** |

# EXHIBIT C

**Current on Bloomberg Law as of** 2025-05-09 16:42:41

Texas District Court
Brazoria County
Docket for Case #: 134364-CV

# Eric Dennis vs. Zee 1 Holdings, LLC and AirBNB, Inc.

| | |
|---|---|
| **Date Filed:** | May 5, 2025 |
| **Status:** | Filed |
| **Case location:** | 412th District Court |
| **Case Type:** | Injury or Damage - Other |

# Parties and Attorneys

| | |
|---|---|
| **Plaintiff** | **Dennis, Eric** |
| **Representation** | **C. Michael Davis** Retained 713-500-5000 |
| **Defendant** | **AirBNB, Inc.** |
| **Defendant** | **Zee 1 Holdings, LLC** |

# Docket Entries

| Entry # | Filing Date | Description |
|---|---|---|
| BL-1 | May 5, 2025 | Original Petition (1-10 Plaintiffs) (OCA) Plaintiff's Original Petition |
| BL-2 | May 5, 2025 | Jury Fee Paid |

This does not constitute the official record of the court. The information is provided "as is" and may be subject to errors or omissions.

Bloomberg Law®

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

// PAGE 2